UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIKA WILLIAMS,

    Petitioner,                                   Civil No. 2:10-CV-11058
                                                     HONORABLE LAWRENCE P. ZATKOFF
v.                                                       UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OFAPPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Tamika Williams, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner challenges her conviction for two counts of torture, M.C.L.A. 750.85, and two counts of first-degree child abuse, M.C.L.A. 750.136b(2). Respondent has filed a motion to dismiss on the ground that the petition contains claims that have yet to be exhausted with the state courts. Petitioner has filed a reply to the motion to dismiss. Having reviewed the petition, the motion to dismiss, and the reply to the motion to dismiss, the Court will dismiss the petition without prejudice.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Williams,* No. 279631 (Mich.Ct.App. November 18, 2008); *lv. den.* 483 Mich. 916, 762 N.W.2d 484 (2009).

Petitioner has now filed a petition for writ of habeas corpus. Although petitioner has not clearly delineated all of her claims in the body of the petition for writ of habeas corpus, in reviewing the brief in support of the petition for writ of habeas corpus, it appears that petitioner is raising four claims for relief, which for the purposes of judicial clarity, the Court will paraphrase rather than attempt to recite verbatim:

> I. The prosecutor committed misconduct when she elicited improper hearsay testimony from Rebecca Robydek, Lindsey Ball, Officer John Dahlin, Detective John Pierce, and Dr. Bradley Gutierrez. The prosecutor also committed misconduct when she vouched for the credibility of the witnesses.
>
> II. Petitioner was denied the effective assistance of counsel when defense counsel failed to object to the prosecutor's errors with respect to four of the five witnesses who presented improper hearsay testimony.
>
> III. Petitioner was denied the effective assistance of counsel when defense counsel failed to present evidence, failed to challenge a biased jury, failed to request a change of venue based on media coverage, failed to challenge the jury instructions regarding a lesser included offense, failed to challenge the racial composition of the jury, and never obtained the court ordered medical reports.
>
> IV. Petitioner was denied her right to an impartial jury drawn from a fair cross-section of the community.

## II. Discussion

The instant petition is subject to dismissal because none of petitioner's claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed

to do so.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Nasr v. Stegall,* 978 F. Supp. 714, 716 (E.D. Mich. 1997).  A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner's prosecutorial misconduct claim and her related ineffective assistance of counsel claim involving counsel's failure to object to this misconduct (Claims # 1 and # 2) have not been properly exhausted with the state courts because petitioner did not present the identical factual and legal basis for these claims in her direct appeal before the Michigan Court of Appeals.  In her first claim, petitioner alleges that the prosecutor committed misconduct when she elicited improper hearsay and opinion testimony from five different witnesses, namely, Rebecca Robydek, Lindsey Ball, Officer John Dahlin, Detective John Pierce, and Dr. Bradley Gutierrez.  Petitioner further claims that counsel was ineffective for failing to object to these instances of misconduct.  However, in her direct appeal before the Michigan Court of Appeals, petitioner claimed only that the prosecutor committed misconduct by eliciting improper testimony from four witnesses, namely, Lindsey Ball, Officer John Dahlin, Detective John Pierce, and Dr. Bradley Gutierrez, and that counsel was ineffective for failing to object to the testimony of three of these four witnesses.

3

Petitioner's brief on appeal before the Michigan Court of Appeals had the following heading:

> I. Defendant was denied due process when no fewer than four prosecution witnesses testified that the child complainants were telling the truth when they said defendant physically abused them and were lying when they said she did not, and the prosecutor as well vouched for the credibility of the children. Defense counsel was ineffective when he failed to object to the prosecutor's remarks and the testimony of three of the four witnesses who provided the inadmissible opinion evidence. [1]

Specifically, petitioner raised no argument in her appeal of right before the Michigan Court of Appeals about the prosecutor eliciting improper testimony from a fifth witness, namely, Rebecca Robydek, nor did she allege that counsel was ineffective for failing to object to any of the prosecution's questions to Robydek. Robydek's name, in fact, did not even come up in petitioner's brief on appeal before the Michigan Court of Appeals, even in the statement of facts. [2]

For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *See Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004).

Petitioner's current claim that the prosecutor committed misconduct by eliciting improper testimony from five witnesses, including Rebecca Robydek, is factually distinct from the claim that was raised in the Michigan Court of Appeals, in which petitioner argued that the prosecutor committed misconduct by eliciting improper testimony from four witnesses, without mentioning Robydek's name. Because petitioner did not present the identical factual basis of her current

---

[1] *See* Brief on Appeal in the Michigan Court of Appeals [This Court's Dkt. 8-12].

[2] *Id.,* pp. 1-13.

4

prosecutorial misconduct claim to the Michigan Court of Appeals on her direct appeal, she did not fairly present her current prosecutorial misconduct claim to that court. *See Wagner,* 581 F. 3d at 415-17.

Petitioner likewise never argued in her appellate brief on her appeal of right before the Michigan Court of Appeals that counsel had been ineffective for failing to object to any allegedly improper testimony that had been elicited by the prosecutor from Rebecca Robydek. Because this ineffective assistance of counsel claim "is based upon a different allegedly ineffective action" than the ineffective assistance of counsel claim that was presented to the Michigan Court of Appeals, i.e. that counsel was ineffective for failing to object to the prosecutor's questions to three other witnesses, namely Lindsey Ball, Officer John Dahlin, and Detective John Pierce, petitioner's claim that counsel was ineffective for failing to object to the prosecutor's questions to Robydek was not fairly presented to the Michigan Court of Appeals. *See Caver v. Straub*, 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987). A habeas petitioner cannot be said to have fairly presented his constitutional claim to the state courts when he "subsequently presents new facts or legal arguments in habeas corpus that place the claim in a significantly different posture than the claim that was presented to the state courts." *Stojetz v. Ishee,* 389 F. Supp. 2d 858, 955 (S.D. Ohio 2005). [3]

---

[3] In her reply brief, petitioner argues that her prosecutorial misconduct claim was exhausted before the Michigan Court of Appeals because the Michigan Court of Appeals used the plural term "caseworkers" several times in discussing and rejecting petitioner's claim. This may be a typographical error. It is unclear why the Michigan Court of Appeals referred to more than one caseworker in addressing petitioner's claim in light of the fact that petitioner's brief on appeal before that court referred only to the allegedly improper testimony of one caseworker, Lindsay Ball. Petitioner's brief on appeal before that Court did not mention Robydek by name anywhere in the brief, nor did the brief refer to any of Robydek's allegedly improper testimony. Finally, petitioner's counsel specifically argued in her brief on appeal before the Michigan Court

5

The first time that petitioner specifically raised the claim that the prosecutor elicited improper testimony from five witnesses, including Rebecca Robydek, and that counsel was ineffective for failing to object to the testimony of four of five prosecution witnesses, was in her application for leave to appeal before the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present the same factual basis for her prosecutorial misconduct claim and related ineffective assistance of counsel claim in her appeal with the Michigan Court of Appeals, her subsequent expansion of the factual basis for these claims before the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006)*; Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

The Court further notes that petitioner's third and fourth claims were never presented to either Michigan appellate court during petitioner's direct appeal. Although petitioner raises a number of ineffective assistance of counsel claims in her third claim, these claims are different than the ineffective assistance of counsel claim that petitioner raised on her direct appeal. Because petitioner's allegations in her third claim (i.e., that she was denied the effective assistance of counsel when defense counsel failed to present evidence, failed to challenge a biased jury, failed to request a change of venue based on media coverage, failed to challenge the jury instructions regarding a

---

of Appeals that counsel had been ineffective for failing to object to the prosecutor's questions to Ball, Officer Dahlin, and Detective Pierce without alleging that counsel had been ineffective for failing to object to Robydek's testimony. This Court concludes that petitioner's first and second claims were not fairly presented to the Michigan Court of Appeals.

lesser included offense, failed to challenge the racial composition of the jury, and never obtained the court ordered medical reports) are different than the ineffective assistance of trial counsel claim that was presented on petitioner's direct appeal, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d at 346-47$^h$ Cir. 2003); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007). Finally, petitioner's fourth claim was never presented to any court during her direct appeal with the Michigan courts.

This Court concludes that none of petitioner's claims have been properly exhausted, because they were not fairly presented to the state courts.

The Court is aware that petitioner in her reply brief indicates that she wishes to delete any unexhausted claims from her petition. A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

The Court declines to do so in this case because none of petitioner's claims have properly been exhausted with the state courts. Although petitioner in her reply brief contends that her appellate counsel argued in her appellate brief before the Michigan Court of Appeals that no fewer than five witnesses provided inadmissible opinion evidence, appellate counsel only raised this claim for the first time in her application for leave to appeal before the Michigan Supreme Court, which, as previously discussed, would be insufficient to exhaust this claim before the Michigan courts. Significantly, petitioner does not ask this Court to delete the portions of her first or second claims which involve allegations that the prosecutor elicited improper testimony from Rebecca Robydek and that counsel was ineffective for failing to object to this testimony. Petitioner, in fact, argues

7

strenuously that her first and second claims were properly exhausted with the state courts. Petitioner's lengthy arguments in her reply brief that her first and second claims were properly exhausted with the state courts are inconsistent with any desire to delete the unexhausted portion of these claims from her petition. *See e.g. Eckford v. Burt,* No. 2011 WL 379416, * 3 (E.D. Mich. February 3, 2011). In the absence of any exhausted claim, petitioner's wholly unexhausted petition must be dismissed. *See Jimenez v. Rice*, 276 F. 3d 478, 481 (9th Cir. 2001)(holding that once the respondent moved for dismissal, the district court was obliged to dismiss the petition immediately, as the petition contained no exhausted claims). The Court will dismiss the petition for writ of habeas corpus without prejudice.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines,* 544 U.S. at 278, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues her claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Wilson v. Warren,* No. 2007 WL 37756, * 2 (E.D. Mich. January 4, 2007).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner,

or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 9, 2011.

S/Marie E. Verlinde<br>
Case Manager<br>
(810) 984-3290